IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTONIO LAMONT GAITHERS :
    Petitioner :

v. : Criminal No. DKC 12-0300
    Civil Action No. DKC 16-2073
:
UNITED STATES OF AMERICA
    Respondent :

**MEMORANDUM OPINION**

Petitioner Antonio Lamont Gaithers was charged in a six count indictment with (count 1) conspiracy to interfere with interstate commerce by robbery (9/1/2011-2/1/2012), (Count 2) interference with interstate commerce by robbery (9/20/2011), (count 3) interference with interstate commerce by robbery (10/7/2011), (count 4) brandishing a firearm during and in relation to a crime of violence charged in counts one and three (10/7/2011), (count 5) interference with commerce by robbery (1/16/2012), and (count 6) brandishing a firearm during and in relation to a crime of violence charged in counts one and five (1/16/2012). He pleaded guilty to counts 3, 5, and 6; counts 1, 2, and 4 were dismissed. He now contends that his conviction on count 6 must be vacated, and he should be resentenced on counts 3 and 5.[1] For the following reasons, the motion will be denied.

---

[1] The original Motion to Vacate Judgment Under 28 U.S.C. §2255 filed June 10, 2016, (ECF No. 127), (with a supplement filed by petitioner *pro se*, (ECF No. 130)), was stayed for quite some time

Count Six reads as follows:

> On or about January 16, 2012, in the District of Maryland, the Defendants, DAVON STEPHON WILLIAMS, JEFFERY LOUIS ADAMS, and ANTONIO LAMONT GAITHERS, a/k/a Antonio Lamont Gathers, did knowingly, intentionally and unlawfully use, carry and brandish a firearm – to wit: a handgun – during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to commit interference with commerce by robbery, and interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Counts One and Five of this Indictment and incorporated here.

Count Five reads as follows:

> On or about January 16, 2012, in the District of Maryland, the Defendants DAVON STEPHON WILLIAMS, JEFFERY LOUIS ADAMS, and ANTONIO LAMONT GAITHERS, a/k/a Antonio Lamont Gathers, did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce by robbery, as those terms are defined in Title 18, United States Code, Section 1951, in that the Defendants did unlawfully take and obtain property consisting of United States currency in the amount of $88,000.00 more or less and various checks totaling $13,000.00, more or less, from the person and presence of a Garda employee located outside the Bowie Walmart, against the employee's will by means of actual and threatened force, violence, and fear of

---

pending various appellate decisions. Petitioner moved to supplement on July 19, 2019, (ECF No. 138), and the stay was lifted. The motion to supplement will be granted. The government responded to the supplemented motion, (ECF No. 157), and Petitioner filed a reply. (ECF Nos. 159, 161.) Counsel filed supplemental correspondence. (ECF Nos. 165, 167, and 171.)

> injury, immediate and future, to said employee
> by threatening physical injury and death to
> said employee.

The statement of facts in support of the plea specified in part that:

> On January 16, 2012, at approximately 8:02
> a.m., GAITHERS, armed with a handgun,
> confronted an employee of Garda Cash Logistics
> when the Garda employee was carrying a money
> bag containing $88,659.03 in United States
> currency and $13,337.90 in checks from the
> Bowie Walmart store to a Garda armored
> transport vehicle parked in front of the
> store. . . . The robber pointed his handgun at
> the Garda employee and demanded the money. The
> Garda employee complied and GAITHERS ran with
> the money bag into a white van occupied by
> other co-conspirators. The van sped away[.]

(ECF No. 99-1, at 1.) Because of recent appellate decisions in the wake of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the conspiracy to commit a Hobbs Act robbery charged in count one cannot be a predicate crime of violence for a 924(c) conviction, while the Hobbs Act robbery charged in count five still qualifies. Mr. Gaithers contends that it cannot be determined categorically that his conviction on count six was not based on count one, and, as a result, that conviction must be vacated. The government disagrees, and argues that the 924(c) conviction was based on both underlying crimes and thus, because one of them still qualifies as a crime of violence, the 924(c) conviction need not be disturbed.

3

Several district courts in the Fourth Circuit have rejected claims like those made by Mr. Gaithers. For example, in *United States v. Taylor*, 2019 WL 4018340 *5 (E.D.Va. August 26, 2019), Judge Lauck concluded that:

> Taylor's conviction remains valid after *Johnson* and its progeny because it was predicated on attempting to aid and abet Hobbs Act robbery charged in Count Six. *See United States v. Doyle*, No. 2:18cr177, 2019 WL 3225705, at *3-4 (E.D.Va. July 17, 2019)(finding §924(c) conviction valid when based on both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery); *cf. United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016)(explaining that "the court need not reach the merits of this argument . . . [because]" a §924(c) conviction predicated on *both* conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime is not affected by *Johnson*.)

*See also United States v. Porcher*, 2019 WL 4014732 *6 (D.S.C. August 26, 2019). Although the Fourth Circuit has not yet spoken on this precise issue, other appellate courts have. *See In re Navarro*, 931 F.3d 1298, 1302-04 (11th Cir. 2019); *United States v. Ventura*, 742 F.App'x 575, 578 (2d Cir. 2018).

4

Petitioner attempts to avoid this result by insisting that it is not appropriate to try to discern whether his 924(c) conviction was premised on one, the other, or both of the alleged predicate offenses, citing *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011, and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012). He also cites to out of circuit cases, *United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2016); *United States v. Kennedy*, 881 F.3d 14 (1st Cir. 2018), and *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016); and a trial court decision, *United States v. Lettiere*, 2018 WL 3429927 (D.Mont. July 16, 2018). All of those cases either were answering other questions or presented different circumstances, such as a general jury verdict and not a guilty plea.

While the charging language of count six alleged that the firearm was brandished in connection with both the conspiracy and the actual robbery, there is no ambiguity in the record that the actual robbery in count five supported the firearm conviction. Petitioner pleaded guilty to count five, and the facts unequivocally support that conviction. The guideline stipulations in the plea agreement included the recognition that, for count five, there would be no enhancement for brandishing the firearm because he was also pleading to the 924(c) charge. (ECF No. 99 at

4.)  The presentence report reached a similar conclusion in the guideline calculation.  (ECF No. 102, at 6.)  The record may also support a finding that the firearm was brandished during and in relation to the conspiracy charged in count one, but that is of no moment.  There is no possibility that the 924(c) conviction rests on the conspiracy charge in count one alone.  Accordingly, the motion to vacate will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Upon review of the record, the court

finds that Petitioner has not satisfied the above standard. Accordingly, a certificate of appealability will not issue.

                                                                                    /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge